UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALVA LESLIE FUNK, ) | |
| ) | |
| Plaintiffs ) | |
| ) | CAUSE NO. 3:06-CV-234 RM |
| vs. ) | |
| ) | |
| CECIL DAVIS, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Alva Leslie Funk, a *pro se* prisoner, submitted a motion pursuant to FED. R. CIV. P. 59(e). Mr. Funk argues that it was improper to apply a FED. R. CIV. P. 12(b)(6) standard when screening a prisoner complaint pursuant to 28 U.S.C. § 1915A. This is incorrect. "This standard, derived from Rule 12(b)(6), also applies to the dismissal of claims under § 1915A." Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).

Mr. Funk argues that a complaint can only be dismissed pursuant to 28 U.S.C. § 1915A if it is frivolous or malicious, not because it fails to state a claim. This is incorrect.

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> (1) is frivolous, malicious, <u>or fails to state a claim upon which relief may be granted</u>; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A (emphasis added).

Mr. Funk argues that 28 U.S.C. § 1915 (e)(2) does not permit dismissal sua sponte. Though the court did not utilize that statute, it does authorize sua sponte dismissals.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, <u>the court shall dismiss the case at any time</u> if the court determines that--
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal--
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(b)(2) (emphasis added).

Mr. Funk argues that the court's screening order impermissibly adjudicated a genuine issue of fact. This is incorrect. The court accepted the facts as alleged by Mr. Funk and reached the legal determination that they did not state a claim for which relief could be granted.

Mr. Funk argues that the defendants knew that by prohibiting inmates from locking themselves in their own cells with their own locks and chains, that someone could be attacked. "[I]t will always be possible to say that the guards 'should have known' of the risk. Indeed they should, and do." <u>McGill v. Duckworth</u>, 944 F.2d 344, 348 (7th Cir. 1991). Here, as alleged in the complaint, the court accepted as true that the defendants had actual knowledge of the risk. But that is not sufficient to impose liability.

Mr. Funk alleged in the complaint that he was told that the rule was changed because of the Indiana Fire Code. Though he argues that he does not understand this rationale and that it was insufficient to justify the policy change, he does not allege that he disbelieves it. At best Mr. Funk alleges that the defendants improperly weighed competing

risks and considerations in making the policy decision to prohibit private use of locks and chains by inmates. This falls short of the "something approaching a total unconcern" Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992) or the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991).

Despite the implicit contention in both the complaint and this Rule 59 motion, inmates do not have a constitutional right to lock themselves in their own cells nor are prison administrators constitutionally obligated to permit them to do so. Without such a right or obligation, this complaint is no different than that of any other prisoner plaintiff who asserts that he was the victim of an unfortunate random attack. "Prisons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991). "Some level of brutality . . . is inevitable no matter what the guards do [and] violence is inevitable . . .." McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991).

For the foregoing reasons, the motion (docket # 7) is DENIED.

SO ORDERED.

ENTERED: December  20 , 2006

                /s/ Robert L. Miller, Jr.
                Chief Judge
                United States District Court